UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE GALLEGO,<br><br>    Plaintiff,<br><br>v.<br><br>HUNTS AND HENRIQUES, CLP, et al.,<br><br>    Defendants. | Case No. 19-cv-07596-VC<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 26 |

    Diane Gallego filed this lawsuit against Hunts & Henriques (H&H) under the Fair Debt Collection Practices Act (FDCPA) upon receipt of a summons that provided notice for Gallego to appear in Santa Clara Superior Court to respond to a suit purportedly filed by H&H, a law firm, on behalf of Synchrony Bank. *See* Dkt. No. 1-2. Everyone agrees that the summons was fake. Although Gallego owed a debt to Synchrony Bank, no lawsuit based on that debt was filed in state court, nor is Synchrony Bank (also a named defendant here) a client of H&H.

    H&H has moved for summary judgment on the ground that Gallego failed to create a triable issue as to whether H&H created or served the sham summons, a necessary fact to hold H&H liable under the FDCPA. *See* 15 U.S.C. § 1692e(5), (9). To support its motion, H&H submitted a declaration by one of its partners that (i) denied that H&H had sent the summons to Gallego; (ii) explained that many nearly identical fake summonses bearing H&H's name had been sent to other debtors, many of whom had been informed by H&H of the scam; and (iii) provided evidence that H&H had reported to the California State Bar and the Santa Clara Superior Court that someone was sending fake summonses in the firm's name. Sherrill Decl. ¶¶ 4–8, Dkt. No. 26-2.

Instead of opposing this motion by submitting evidence to substantiate her claim that H&H sent the sham summons, Gallego presents a theory that H&H concocted the summons as a means of strengthening its hand in negotiations in a different lawsuit brought by H&H against Gallego on behalf of a different creditor, Citibank. Even putting aside the implausibility of this theory, attorney argument is not evidence. *McSherry v. City of Long Beach*, 584 F.3d 1129, 1138 (9th Cir. 2009). Thus, a reasonable jury could not hold H&H liable under the FDCPA on this record. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Although the summons bears H&H's name, Gallego submitted no evidence to rebut the evidence—including the subsequent efforts to notify recipients and the proper authorities—that H&H was a victim, not a perpetrator, of this broader scheme to create sham summonses. Nor did Gallego submit a declaration to explain why she couldn't present facts in support of her claim or to request that the motion be deferred until additional discovery can be completed. Fed. R. Civ. P. 56(d). Because Gallego stood pat on this near-silent record, H&H is entitled to summary judgment.

**IT IS SO ORDERED.**

Dated: June 12, 2020

 _____
 VINCE CHHABRIA
 United States District Judge