UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE GALLEGO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HUNTS AND HENRIQUES, CLP,<br><br>　　　　　Defendant. | Case No.  19-cv-07596-VC<br><br>**ORDER GRANTING MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 32 |

　　　　Hunt & Henriques's (H&H's) motion for sanctions under Rule 11 is granted. When a plaintiff files a complaint, the plaintiff's attorney certifies that to the best of their knowledge, formed after an inquiry reasonable under the circumstances, the factual contentions have evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. Fed. R. Civ. P. 11. This standard was not met here. When attorney Stanley Apps filed the complaint on Gallego's behalf in response to the fake summons she received, the only plausible explanation was that some third party was circulating fake summonses using H&H's name. Thus, Apps was obligated to investigate further before filing a lawsuit accusing H&H of violating the Fair Debt Collection Practices Act (FDCPA).

　　　　This is evident from the exchanges between H&H and Apps in the months before Apps filed the lawsuit. H&H had told Apps about this scam in relation to different one of his clients, who also received a fake summons. A lawyer from H&H conveyed to Apps that the firm did not send the document and did not even represent the company listed on the summons, Synchrony Bank.  The lawyer offered to discuss the matter further if Apps had questions.  DiPiero Decl., Ex. A at 5-8 (Dkt. No. 26-1). When Gallego later received a similar document with Synchrony

Bank's name, Apps contacted the court listed on it and discovered that the document was not on the court's docket, suggesting that it was also fake. Opp. to Mot. for Sanctions at 8 (Dkt. No. 38). Apps then reached out to the same lawyer from H&H about Gallego. However, Apps merely informed him about the fake summons Gallego received and commented that it was "almost identical to the other fake summonses that [they had] discussed." DiPiero Decl., Ex. B at 11-12 (Dkt. No. 26-1). Apps did not follow up with additional questions or investigate whether there was any evidence that H&H actually sent that summons to Gallego; instead he just filed a lawsuit accusing H&H of doing so and thus violating the FDCPA.

The problem only got worse after Apps filed the lawsuit. There is no indication in the record that he made any effort to discern the truth. H&H requested dismissal after Gallego filed her complaint, and an attorney in Apps' firm responded that they would consider dismissal if H&H provided information to support it. Opp. to Mot. for Sanctions at 9 (Dkt. No. 38); Le Decl. ¶ 6 (Dkt. No. 30-3). Apps then conducted no discovery. And when H&H filed a motion for summary judgment with evidence it had not sent the fake summons and was the victim of a scam, Apps concocted a fanciful and speculative theory about why H&H might have engaged in this fraudulent conduct itself: that H&H sent the sham summons with Synchrony Bank's name to pressure Gallego into settling a *different* debt—one with Citibank, which is actually one of H&H's client. Apps countered with no evidence of his own.[1] Opp. to Mot. for Summary Judgment (Dkt. No. 30).

In short, the lawsuit was a complete waste of time and money. It was objectively baseless, and that should have been clear to Apps from the start. He made no effort to investigate his theory before he filed the lawsuit, and he made no effort support his allegations as the lawsuit progressed. Accordingly, Apps is liable for the entirety of H&H's fees and costs and is ordered

---

[1] All Apps had was the fake summons itself. He did make an allegation in his opposition brief that H&H had managed to settle Gallego's debt with Citibank for a higher amount than the firm had offered her before Gallego received the sham summons. This, however, could not be considered as it was not properly presented as evidence. And, even if it did occur, it would not support his theory.

to pay H&H $27,627.50 within 21 days of this order. Although the motion for sanctions seeks to hold Apps and his client jointly liable for this amount, there is no evidence that Gallego understood how baseless the lawsuit was or was otherwise complicit in her counsel's misconduct. Therefore, Apps is solely liable.

**IT IS SO ORDERED.**

Dated: September 17, 2020

_____
VINCE CHHABRIA
United States District Judge